JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1028 AG (RNBx)** | Date | July 15, 2010 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A., etc. v. Pedro Esparza | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**   [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff HSBC Bank USA, N.A., etc. ("Plaintiff") filed this case in state court for unlawful detainer.  Defendant Pedro Esparza ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court.  For the reasons that follow, the Court REMANDS the case to state court.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendant's Notice of Removal argues that federal jurisdiction is proper because of pleadings he intends to file and because the FDIC is a party.  But a review of the law and of the Complaint and Notice of Removal make clear that Defendant's arguments fail. The FDIC is not a party, and there is simply no basis for federal jurisdiction.  *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1028 AG (RNBx)** | Date | July 15, 2010 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A., etc. v. Pedro Esparza | | |

subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant and his counsel are cautioned not to improperly seek federal jurisdiction, particularly for delay.

In sum, Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer    lmb